**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5350-14T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DARREN ELLIS,

    Defendant-Appellant.

_____

Submitted September 20, 2017 — Decided October 19, 2017

Before Judges Simonelli and Haas.

On appeal from the Superior Court of New
Jersey, Law Division, Bergen County,
Indictment No. 12-04-0584.

Joseph E. Krakora, Public Defender, attorney
for appellant (Suzannah Brown, Designated
Counsel, on the brief).

Gurbir S. Grewal, Bergen County Prosecutor,
attorney for respondent (Catherine A. Foddai,
Senior Assistant Prosecutor, of counsel and
on the brief).

PER CURIAM

Defendant Darren Ellis appeals from the March 31, 2015 Law
Division order, which denied his petition for post-conviction
relief (PCR) without an evidentiary hearing. We affirm.

A grand jury indicted defendant and his three co-defendants for first-degree robbery, N.J.S.A. 2C:2-6 and N.J.S.A. 2C:15-1 (counts one to five); (2) third-degree criminal restraint, N.J.S.A. 2C:2-6 and N.J.S.A. 2C:13-2(a) (counts six to ten); (3) second-degree theft of property in excess of $75,000, N.J.S.A. 2C:2-6 and N.J.S.A. 2C:20-3 (count eleven); (4) third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:2-6 and N.J.S.A. 2C:39-4(d) (count twelve); and (5) fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:2-6 and N.J.S.A. 2C:39-5(d) (count thirteen). Separately, the grand jury indicated defendant for fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2) (count nineteen); and third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3)(a) (count twenty). The charges against defendant stemmed from his involvement in the robbery of a jewelry store. Defendant used a sledgehammer to smash a glass case containing jewelry, with two female customers standing nearby, and struck the glass case with such force that it broke the sledgehammer.

Defendant pled guilty to one count of first-degree robbery and one count of third-degree resisting arrest in exchange for the State's agreement to recommend a twelve-year term of imprisonment subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and to dismiss the remaining charges. Prior to entering his guilty

plea, the plea judge stated there was a pending motion to dismiss the indictment "on the basis that [the robbery] might not be a first-degree, it might be a second[-]degree offense[.]" The judge then warned defendant about the consequences of a guilty plea on any motions as follows:

> [PLEA JUDGE]: . . . motions, even though they may have been filed, or could have been filed, will not be heard by this [c]ourt, and you can't complain about it. You can't come back at a later date and say my attorney didn't file this motion, you didn't do the right job, you know, the [j]udge should have heard this motion. You have to understand that while you may have discussed these motions with your attorney, they will not be heard. If they're filed they will be withdrawn, and if they weren't filed, they simply will not be heard. There will be no decision. I want you to understand this because sometimes later on someone wakes up five or six years later and says, you know, my attorney didn't do his job. The bottom line is each of the attorneys have done their job. They've gone over these proofs. They've filed whatever applications they have, and they're prepared to go today. But as a result of your entering a guilty plea, you're telling them you don't want to go any further. Is that understood Mr. Ellis?
>
> [DEFENDANT]: Yes, sir.

Defendant then entered his guilty plea. In his plea allocution, he admitted that he entered the jewelry store with a sledgehammer; two female customers were nearby when he used the sledgehammer to break a glass case containing jewelry; and one of

the female customers, M.M.,[1] was put in fear of immediate bodily injury when she saw the manner in which he used the sledgehammer. Defendant also admitted that he left the store in an effort to avoid being arrested by the police and attempted to avoid apprehension when later stopped by the police. The following colloquy then occurred between defendant and plea counsel about motions:

> [PLEA COUNSEL]: And consistent with the other questions, Mr. Ellis, you had filed, prior to my representation you had filed certain motions that would have been heard by the Court, correct?
>
> [DEFENDANT]: Yes, sir.
>
> [PLEA COUNSEL]: And included in those motions was a motion to dismiss certain counts, and with regard to different counts of the indictment, correct?
>
> [DEFENDANT]: Yes, sir.
>
> [PLEA COUNSEL]: And do you acknowledge or understand what [the plea judge] told you, that this guilty plea will prevent those motions from going forward, and they will not be heard?
>
> [DEFENDANT]: Yes, sir.

The plea judge found defendant entered the plea knowingly and voluntarily and understood the charges against him and the consequences of his plea.

---

[1] We use initials for the victim to protect her privacy.

Defendant was sentenced in accordance with the plea agreement to a twelve-year term of imprisonment subject to NERA. Defendant appealed his sentence. We heard the appeal on our Excessive Sentence Oral Argument Calendar and affirmed. State v. Ellis, No. A-1532-13 (App. Div. June 3, 2014).

Defendant then filed a PCR petition based on the ineffective assistance of trial counsel. Defendant argued that trial counsel should have requested a post-indictment probable cause hearing on the weapons-based counts because he did not use the sledgehammer as a deadly weapon, but rather, as a tool to break the glass case containing the jewelry, and no reasonable person would believe he or she was in fear of serious bodily harm.

The PCR judge adjourned to allow PCR counsel time to find authority permitting a post-indictment probable cause challenge. At the next hearing, PCR counsel cited to Rule 3:10-2 to argue that trial counsel failed to file a post-indictment motion to dismiss the weapons-based charges in the indictment based on insufficient evidence presented to the grand jury. The PCR judge noted that without the grand jury transcript, which PCR counsel did not provide, he could not resolve this issue.

The PCR judge denied the petition without an evidentiary hearing, concluding defendant failed to establish the two prongs of Strickland v. Washington, 466 U.S. 668, 687 104 S. Ct. 2052,

2064, 80 <u>L. Ed.</u> 2d 674, 693 (1984).  The judge found that defendant had no right to a post-indictment probable cause hearing, waived his right to have pre-trial motions presented when he pled guilty, and gave a sufficient factual basis to support the first-degree robbery charge.  This appeal followed.

On appeal, defendant raises the following contentions:

> POINT I
>
> > THE MATTER SHOULD BE REMANDED FOR A NEW PCR HEARING WITH NEW PCR COUNSEL BECAUSE [DEFENDANT] RECEIVED INEFFECTIVE ASSISTANCE OF PCR COUNSEL.
>
> POINT II
>
> > THE PCR COURT ERRED IN DENYING [DEFENDANT'S] CLAIM OF INEFFECTIVE ASSISTANCE OF [TRIAL] COUNSEL.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing.  <u>State v. Cummings</u>, 321 <u>N.J. Super.</u> 154, 170 (App. Div.), <u>certif. denied</u>, 162 <u>N.J.</u> 199 (1999).  Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance of counsel, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing.  <u>R.</u> 3:22-10(b); <u>State v. Porter</u>, 216 <u>N.J.</u> 343, 355 (2013).  To establish a prima facie claim of ineffective assistance of counsel, the defendant

must satisfy two prongs. First, he must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. An attorney's representation is deficient when it [falls] below an objective standard of reasonableness.

Second, a defendant must show that the deficient performance prejudiced the defense. A defendant will be prejudiced when counsel's errors are sufficiently serious to deny him a fair trial. The prejudice standard is met if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability simply means a probability sufficient to undermine confidence in the outcome of the proceeding.

[State v. O'Neil, 219 N.J. 598, 611 (2014) (citations omitted).]

To set aside a guilty plea based on ineffective assistance of counsel, "a defendant must show that (i) counsel's assistance was 'not within the range of competence demanded of attorneys in criminal cases;' and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 138-39 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. See R. 3:22-10;

State v. Preciose, 129 N.J. 451, 462 (1992). We discern no abuse of discretion here.

Defendant failed to satisfy the two Strickland prongs with respect to both trial and PCR counsel. At the plea hearing, the plea judge advised defendant of a pending motion to dismiss the indictment; defendant admitted that trial counsel had filed a pre-trial motion to dismiss; and defendant acknowledged he understood the consequences of a guilty plea on any motions. Even if trial counsel did not file a motion to dismiss, the plea transcript shows that defendant knowingly and voluntarily waived his right with respect to any motions, regardless of whether they were filed or not. Providing the grand jury transcript would not have changed defendant's waiver.

Further, a motion to dismiss the indictment would have failed. "An indictment is presumed valid and should only be dismissed if it is 'manifestly deficient or palpably defective.'" State v. Feliciano, 224 N.J. 351, 380 (2016) (quoting State v. Hogan, 144 N.J. 216, 229 (1996)). "A motion to dismiss is addressed to the discretion of the trial court, and that discretion should not be exercised except for 'the clearest and plainest ground[.]" Ibid. (citations omitted). "At the grand jury stage, the State is not required to present enough evidence to sustain a conviction." Ibid. (citation omitted). "As long as the State presents 'some

8

evidence establishing each element of the crime to make out a prima facie case,' a trial court should not dismiss an indictment." Ibid. (quoting State v. Saavedra, 222 N.J. 39, 57 (2015)).

N.J.S.A. 2C:15-1(a)(2) provides, in pertinent part, that "[a] person is guilty of robbery if, in the course of committing a theft, he . . . [t]hreatens another with or purposely puts him in fear of immediate bodily injury." "Robbery is a crime of the . . . first-degree if in the course of committing the theft the actor attempts to kill anyone, or purposely inflicts or attempts to inflict serious bodily injury, <u>or is armed with</u>, or uses or threatens the immediate use of <u>a deadly weapon</u>." N.J.S.A. 2C:15-1(b) (emphasis added).

> 'Deadly weapon,' . . . is defined as 'any firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, <u>which in the manner it is used or intends to be used</u>, is known to be capable of producing death or serious bodily injury or which in the manner it is fashioned would lead the victim reasonably to believe it to be capable of producing death or serious bodily injury.'
>
> [(State v. Rolon, 199 N.J. 575, 582 (2009) (emphasis in original) (quoting N.J.S.A. 2C:11-1(c)).]

Here, there was "some evidence" that defendant was in the course of committing a theft while armed with a deadly weapon, which, in the manner it was used, would lead the victim to

reasonably believe it was capable of serious bodily injury.  The indictment, therefore, would not have been dismissed.

Defendant's remaining argument, that PCR counsel violated Rule 3:22-6(d) by failing to submit the grand jury transcript, lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5350-14T2